UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JANE ROE, an individual, | ) | No. CV13-07734 DMG (AGRx) |
| Plaintiff, | ) | |
| | ) | **PROTECTIVE ORDER** |
| vs. | ) | |
| CITY OF EL MONTE and | ) | |
| FRANCISCO GARCIA, AND DOES | ) | |
| 2-10, | ) | |
| Defendants. | ) | |
| | ) | |

**It is hereby ORDERED:**

1.     The City of El Monte may designate as "Confidential Information" in this matter documents pertaining to internal and criminal police investigations conducted by the El Monte   Police Department   as well as any complaints against police officers and adjudication thereof and statements of witnesses pertaining to such complaints, which Defendant City contends contain information of a privileged, confidential, private or sensitive nature, and the public dissemination of which Defendant City contends would jeopardize compelling interests in preserving

1

1    the integrity of the El Monte Police Department's internal and criminal
2    investigations, both by assuring that even self-incriminating officer statements can
3    be compelled and by facilitating accurate and thorough self-critical investigations by
4    the El Monte Police Department without the fear of having information used against
5    the officers in criminal prosecutions,    by affixing to such document or writing a
6    legend, such as "Confidential,"    "Confidential Documents,"    "Confidential
7    Material," "Subject to Protective Order" or words of similar effect.   The category of
8    documents and other tangible things so designated shall be treated in accordance
9    with the terms of this stipulation. The protections conferred by this Stipulation and
10   Order do not cover the following information: (a) any information that is in the
11   public domain at the time of disclosure to a Receiving Party or becomes part of the
12   public domain after its disclosure to a Receiving Party as a result of publication not
13   involving a violation of this Order, including becoming part of the public record
14   through trial or otherwise; and (b) any information known to the Receiving Party
15   prior to the disclosure or obtained by the Receiving Party after the disclosure from a
16   source who obtained the information lawfully and under no obligation of
17   confidentiality to the Designating Party.

18          2.    "Confidential Information" may be used by the persons receiving
19   such information only for the purpose of this litigation.

20          3.    Subject to the further conditions imposed by this stipulation,
21   "Confidential Information" may be disclosed only to the following persons:

22          (a)    Counsel of record for the parties to this civil litigation;

23          (b)    Parties to this civil litigation;

24          (c)    Attorneys, paralegals, investigators, law clerks, stenographic,
25   clerical and secretarial personnel who are employed or contracted with the offices of
26   counsel referred to in subparagraph (a);

27

28
PROTECTIVE ORDER

1          (d)     Expert witnesses/consultants consulted and/or retained for this

2  action;

3          (e)     The judge and court personnel, including stenographic reporters;

4  and

5          (f)     Witnesses in the action, in preparation for or during deposition or

6  trial testimony, provided that no witness shall be permitted to retain copies of

7  documents or tangible items constituting or containing Confidential Information in

8  their personal possession.

9          4.     Prior to the disclosure of any "Confidential Information"  to any

10  person described in paragraph 3(a), (c) or (d), counsel for the Receiving Party who

11  seeks to use or disclose such "Confidential Information" shall first provide a copy of

12  this Stipulation and have the individual to whom the Receiving Party intends to

13  disclose said "Confidential Information" sign the Nondisclosure Agreement set forth

14  in Attachment "A", stating that the person has received and read a copy of the

15  Stipulation and understands that s/he is bound by the terms of the Stipulation. The

16  signature of counsel of record shall be sufficient with respect to personnel directly

17  employed in his or her office.

18          5.     Unless made on the record in this litigation, counsel making the

19  disclosure to any qualified person described herein shall retain the original executed

20  copy of the Nondisclosure Agreements until thirty (30) days after this litigation has

21  become final, including any appellate review.  Counsel for the Receiving Party

22  shall maintain all signed Nondisclosure Agreements and shall produce the original

23  signature page upon reasonable written notice from opposing counsel.  If an issue

24  arises regarding a purported unauthorized disclosure of the "Confidential

25  Information", upon noticed motion of contempt filed by the Disclosing Parties,

26  counsel for the Receiving Party may be required to file the signed Nondisclosure

27

28

PROTECTIVE ORDER

1   Agreements, as well as a list of the disclosed material(s), in camera with the Court
2   having jurisdiction of the Stipulation.

3         6.   The court reporter, videographer, and audiographer, if any, who
4   record all or part of the depositions in this matter of any City Defendant, or any other
5   current or former employee of the El Monte Police Department, shall be subject to
6   this Order.  In preparing the original deposition videotape, audiotape, or portions
7   thereof, any copies thereof, or portions of copies thereof, the "Confidential
8   Information," and all testimony involving information derived from the
9   "Confidential Information," shall be segregated from the rest of the deposition.  No
10  copies of such segregated "Confidential Information" portions of the materials
11  described above shall be provided to any persons other than those persons identified
12  in paragraph 3.  Nothing in this agreement is intended to limit the rights of third
13  parties to obtain such "Confidential Information" through discovery and subpoena
14  power in other proceedings, subject to a motion for a protective order filed in those
15  proceedings by the party seeking to prevent disclosure of the "Confidential
16  Information".

17        7.  If any "Confidential Information," or testimony derived therefrom,
18  occurs at a deposition, those attending such portions of the depositions shall be
19  bound by this Order and, therefore, shall not disclose to any person or entity, in any
20  manner, including orally, any statements made by City Defendant, or any other
21  current or former employee of the El Monte Police Department during the
22  "Confidential" sections of said depositions. Deposition questions and answers
23  relating to the events giving rise to this action, without further reference to
24  documents containing "Confidential Information," shall not be deemed or
25  designated "Confidential Information."

26
27
28

PROTECTIVE ORDER

8.      Nothing in this Protective Order limits the Receiving Party from making copies, including electronic copies, of Confidential Information, provided that such copies are maintained in a manner consistent with this Protective Order.

9.      Upon the final termination of this litigation, including any appeal pertaining thereto, all "Confidential Information" and all copies thereof shall be returned to the City Defendant, except as to Court personnel. The return of such "Confidential Information" shall be initiated by upon written request by the City Defendant upon final termination of this litigation, and all "Confidential Information" shall be returned within 30 days of such request.  All "Confidential Information" disclosed to any person or party pursuant to any provision hereof also shall be returned to the City Defendant's attorneys of record, Ferguson, Praet and Sherman, Attention: Peter J. Ferguson. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain "Confidential Information." Any such archival copies that contain or constitute "Confidential Information" remain subject to this Protective Order.

10.     If any party who receives "Confidential Information" receives a subpoena or other request seeking "Confidential Information", he, she or it shall, within three business days, give written notice to the City Defendant's counsel, identifying the "Confidential Information" sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this stipulation so as to afford the City Defendant an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material. Other than objecting on the grounds of this stipulation, no party shall be obligated to

PROTECTIVE ORDER

1   seek an order barring production of "Confidential Information", which obligation

2   shall be borne by the City Defendant.   However, in no event should production or

3   disclosure be made without written notice to Defendant's counsel unless required by

4   court order after serving written notice to defendants' counsel.

5         11.   Any pleadings, motions, briefs, declarations, stipulations,

6   exhibits or other written submissions to the Court in this litigation which contain,

7   reflect, incorporate or refer to "Confidential Information" shall be filed and

8   maintained under seal, after written application to the Court made. If the Court

9   approves the application to file the documents under seal,   the original and judge's

10  copy of the document shall be sealed in separate envelopes with a title page affixed

11  to the outside of each envelope. No sealed or confidential record of the Court

12  maintained by the Clerk shall be disclosed except upon written order of the Court.

13        12.   Any pleadings, motions, briefs, declarations, stipulations,

14  exhibits or other written submissions to the Court in this litigation which contain,

15  reflect, incorporate or refer to Confidential Information shall be filed and

16  accompanied by an application pursuant to Local Rule 79-5.1, to file the papers – or

17  the confidential portion(s) thereof – – under seal.   Such application shall be directed

18  to the judge to whom the papers are directed.   Pending the ruling on the application,

19  the papers or portions thereof subject to the sealing application shall be lodged under

20  seal.

21        13.   No part of this protective order shall constitute a basis for

22  objecting to the admission of any "Confidential Information" into evidence. Nothing

23  herein shall prejudice any party's rights to otherwise object to the introduction of any

24  "Confidential Information" into evidence, on grounds including but not limited to

25  relevance and privilege.

26        14.   Any Party may challenge a designation of confidentiality at any

27  time. Unless a prompt challenge to City Defendant's confidentiality designation is

28

PROTECTIVE ORDER

necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

15.    A party challenging a designation of Confidentiality shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by meeting and conferring within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the City Defendant an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the City Defendant is unwilling to participate in the meet and confer process in a timely manner.

16.    Judicial Intervention.    If the Parties cannot resolve a challenge without court intervention, the City Defendant shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the City Defendant to

PROTECTIVE ORDER

make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

17.     Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

18.     Any procedures specified above in this Protective Order are in addition to, and not in lieu of, compliance with the local rules regarding discovery motions. Nothing in this Order abridges the right of any person to seek its modification by the court in the future. Any use of Protected Material at trial shall be governed by a separate agreement or order.19.     Disclosing parties retain the right to disclose or release the "Confidential Information" outside the terms of this stipulation, but acknowledge that doing so may result in a waiver of the confidentiality of the "Confidential Information." 20.     This Protective Order survives settlement, trial and/or appeal.

DATED: April 22, 2014

_____
Honorable Alicia G. Rosenberg
United States Magistrate Judge

8

PROTECTIVE ORDER