**NOTE CHANGES MADE BY THE COURT**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE, an individual,<br><br>  Plaintiff,<br><br>vs.<br><br>CITY OF EL MONTE and EL MONTE POLICE OFFICER FRANCISCO GARCIA, and DOES 2-10,<br><br>  Defendants. | No. CV13-07734 DMG (AGRx)<br><br>[~~PROPOSED~~] PROTECTIVE ORDER RE PLAINTIFF'S RESPONSES TO REQUESTS 1, 4 AND 17 OF REQUEST FOR PRODUCTION [SET NO. ONE] PROPOUNDED BY DEFENDANT CITY OF EL MONTE;<br><br>MAGISTRATE JUDGE ALICIA G. ROSENBERG |

*NOTE CHANGES MADE BY THE COURT* (stamp)

**NOTE CHANGES MADE BY THE COURT**

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

The Plaintiff Jane Roe is producing, in response to Request Numbers 1, 4 and 17 of the Request for Production of Documents [Set No. One] propounded by Defendant City of El Monte, certain documents which the receiving parties (Defendants City of El Monte and Francisco Garcia, hereafter "Defendants") agree to maintain as confidential for purposes of this litigation.

1

JOINT STIPULATION RE [PROPOSED] PROTECTIVE ORDER

This protective order applies to those documents produced by Plaintiff Jane Roe in response to the Request for Production of Documents [Set No. One] propounded by Defendant City of El Monte, specifically Request Number 1 (the 2011, 2012 and 2013 tax returns of Plaintiff), Request Number 4 (documents from Plaintiff's immigration file) and Request Number 17 (medical documents of Dr. Goodman).

Such documents shall hereinafter be referred to as "Confidential Information."

The Court orders that the following terms and conditions of this Protective Order shall govern the use and disclosure of Confidential Information and information derived therefrom by Defendants.

1. The documents produced by Plaintiff Jane Roe in response to the Request for Production of Documents [Set No. One] propounded by Defendant City of El Monte, specifically Request Number 1 (the 2011, 2012 and 2013 tax returns of Plaintiff), Request Number 4 (documents from Plaintiff's immigration file) and Request Number 17 (medical documents of Dr. Goodman) are to be designated as "CONFIDENTIAL INFORMATION." Such designation shall be made by stamping or otherwise marking the documents prior to production, and in a manner so as not to obstruct the content of said documents, as follows:

**"CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER"**

2. CONFIDENTIAL INFORMATION shall be used by Defendants solely in connection with the preparation and trial of the instant action, Jane Roe v. City of El Monte, et al., Case No. CV-13-07734 DMG (AGRx) or any related appellate proceeding, and not for any other purpose, including any other litigation.

3. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents

1  derived in whole or in part from material designated as confidential shall be used
2  by Defendants only for the purpose of the prosecution, defense or settlement of
3  this action, and for no other purpose.
4      4. CONFIDENTIAL INFORMATION may not be disclosed by Defendants,
5  except as provided in paragraphs 5 and 6.
6      5. CONFIDENTIAL INFORMATION may be disclosed by Defendants only
7  to the following persons:

    (a) Counsel for any party and any party to this litigation;

    (b) Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in (a);

    (c) An investigator or investigators employed by counsel referred to in (a), so long as the investigator executes Attachment A;

    (d) Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action;

    (e) Any outside expert or consultant retained in connection with this action, and not otherwise employed by either party; and

    (f) Any "in-house" expert designated by either party to testify at trial in this matter.

Nothing in this order prevents a witness from disclosing events or activities personal to him or her, that is, a witness can disclose to others information previously given to the Plaintiff regarding these documents with respect to what he or she saw, heard or otherwise sensed.

    6. Each person to whom disclosure is made, with the exception of counsel, and the parties, who are presumed to know the contents of this protective order, and court personnel, shall prior to the time of disclosure, be provided by the person furnishing him/her such material a copy of this order, and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be

1 provided forthwith to counsel for each other party. Such person also must consent
2 to be subject to the jurisdiction of this United States District Court with respect to
3 any proceeding relating to enforcement of this order, including without limitation,
4 any proceeding for contempt.

5     7. If the aforementioned CONFIDENTIAL INFORMATION is included in
6 any papers to be filed with the Court, such papers shall be accompanied by an
7 application which comports with Local Rule 79-5.1 and seeks to (a) file the
8 confidential portions thereof under seal (if such portions are segregable), or (b)
9 file the papers in their entirety under seal (if the confidential portions are not
10 segregable). The Application shall be directed to the judge to whom the papers
11 are directed. Pending the ruling on the application, the papers or portions thereof
12 subject to the sealing application shall be lodged under seal in accordance with
13 Local Rule 79-5.1.

14     8. At the conclusion of the trial and of any appeal or upon termination of
15 this litigation, all CONFIDENTIAL INFORMATION received by Defendants
16 under the provisions of this order (including any copies made and/or any computer
17 materials made or stored) shall be destroyed or tendered back to Plaintiff's counsel
18 within 30 days. Provisions of this order in so far as they restrict disclosure and use
19 of the material shall be In effect until further order of this Court. However,
20 Counsel shall be permitted to retain an archive copy of all pleadings, deposition
21 transcripts and exhibits, trial transcripts, and trial exhibits contained therein, in
22 accordance with and despite the presence of, the rules of the State Bar of
23 California addressing the retention/preservation of client files by attorneys.
24 Counsel's duty to maintain the confidentiality of such archival copy shall continue
25 without further order of the Court.

26     9. The foregoing is without prejudice to the right of any party:

27
28

Case 2:13-cv-07734-DMG-AGR Document 69-1 Filed 08/05/14 Page 5 of 7 Page ID #:843

1     (a)     To apply to the Court for a further protective order relating to CONFIDENTIAL INFORMATION or relating to discovery in this litigation;

(b)     To apply to the Court for an order removing the CONFIDENTIAL INFORMATION designation from any documents; and

(c)     To apply to the Court for an order compelling production of documents or modification of this order or for any order permitting disclosure of CONFIDENTIAL INFORMATION beyond the terms of this order.

10. GOOD CAUSE exists for designating these materials privileged and confidential as set forth in this Court's minute order of July 29, 2014 (Doc. No. 68)

11. CONFIDENTIAL INFORMATION produced in connection with the Court Order shall not be disclosed, disseminated, or in any manner provided to the media or any member of the public, unless the Court has ruled that the information may be divulged to the media and the public.

12. In the event that any CONFIDENTIAL INFORMATION is used or referred to during the course of any court proceeding in this action, such information shall not lose its confidential status through such use. *Confidential information used at trial shall become public absent a separate court order.*



13. Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of CONFIDENTIAL INFORMATION.

14. In the event that the terms of this Protective Order are violated, the parties agree that the aggrieved party may immediately apply to this Court to obtain injunctive relief and monetary sanctions against any person violating or threatening to violate any of the terms of this Protective Order. This Court shall retain jurisdiction over the parties for the purpose of enforcing this Protective Order, and the Court shall have the power to modify this Protective Order at any

1  time and to impose whatever penalties it deems appropriate for the violation of
2  this Protective Order, including but not limited to monetary sanctions, judicial
3  sanctions, issue preclusion, and contempt. Any such request for injunctive relief
4  and/or monetary sanctions must be made by a properly noticed motion and
5  pursuant to statute.
6      15. This Protective Order, and the obligations of all persons thereunder,
7  including those relating to the disclosure and use of CONFIDENTIAL
8  INFORMATION, shall survive the final termination of this case, whether such
9  termination is by settlement, judgment, dismissal, appeal or otherwise, until
10 further order of the Court.
11     16. Production of all CONFIDENTIAL INFORMATION ordered disclosed
12 by this Court shall take place within seven (7) days from the entry of the
13 Protective Order by this Court as set forth in this Court's minute order of July 29,
14 2014 (Doc. No. 68).

**IT IS SO ORDERED.**

DATED: August 11, 2014     BY: *Alicia G. Rosenberg*

                                            Alicia G. Rosenberg
                                            U.S. Magistrate Judge

# ATTACHMENT A
# NON DISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order Concerning Confidential Information entered in *JANE ROE v. CITY* OF *EL MONTE, ET AL., Case No. CV 13-07734 DMG (AGRx)* , and hereby agree to comply with and be bound by the terms and conditions of said Order unless modified by further Order of the Court. I hereby consent to the jurisdiction of the Court for purpose of enforcing this nondisclosure agreement.

DATED: _____   BY: _____